**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GINA M. WHITE** | : | **CIVIL ACTION NO. 1:06-CV-1495** |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE** | : | |
| **Commissioner of Social** | : | |
| **Security Administration** | : | |
| | : | |
| **Defendant** | : | |

**<u>ORDER</u>**

AND NOW, this 11th day of March, 2008, upon consideration of the report and recommendation of the magistrate judge (Doc. 14), to which no objections were filed, and, following an independent review of the record, it appearing that the decision of the administrative law judge ("ALJ") denying benefits to plaintiff was supported by substantial evidence[1] including various medical opinions and the opinion of a vocational expert (<u>see</u> Doc. 8 at 18-21), that, although the ALJ's decision did not explicitly list fibromyalgia as one of plaintiff's severe impairments, the ALJ considered and adopted a physician's report that identified fibromyalgia as plaintiff's primary diagnosis (<u>see</u> Doc. 8 at 20), that the ALJ's determination that plaintiff lacked credibility was justified to the extent that plaintiff's subjective

---

[1] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate." <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted). It is "more than a mere scintilla" but less than a preponderance of the evidence. <u>Jesurum v. Sec'y of U.S. Dep't of Health and Human Serv.</u>, 48 F.3d 114, 117 (3d Cir. 1995).

testimony was inconsistent with the objective medical evidence, see 20 C.F.R. § 404.1529(a), and that plaintiff cannot use a physician's opinion to show that the ALJ's decision was not supported by substantial evidence where the opinion was solicited by plaintiff *after* the ALJ's decision,[2] see Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991) (finding that evidence that was not before the ALJ at the time of decision could not be used to argue that the decision was not supported by substantial evidence), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 14) is ADOPTED.

2. Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

           /s/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge

---

[2] Moreover, plaintiff cannot meet the high burden to justify remanding her claim to the Commissioner on the basis of the existence of "new and material" evidence. See Matthews v. Apfel, 239 F.3d 589, 592-94 (3d Cir. 2001) (stating that pursuant to 42 U.S.C. § 405(g), a district court may remand a claim only where the plaintiff shows that the proffered evidence is new and material, and that good cause exists to explain why the evidence was not previously submitted to the ALJ); Szubak v. Sec'y of Health and Human Serv., 745 F.2d 831, 833 (3d Cir. 1984) (stating that "new and material" evidence must be relevant, probative, and not cumulative and that there must exist a "reasonable probability that the new evidence would have changed the outcome of the Secretary's determination"). Here, the "new" evidence proffered by plaintiff is a physician's opinion concluding that plaintiff is disabled. (See Doc. 1 at 6.) It is not reasonably probable that this opinion alone would have altered the ALJ's decision. See 20 C.F.R. § 404.1527(e)(1) (stating that opinions by medical sources regarding claimants' disabilities are not controlling). Accordingly, remand to the Commissioner is inappropriate in this case.